Douglas M. Carson, Esq. Daily Woods, PLLC KMW Building 58 South Sixth Street Post Office Box 1446 Fort Smith, AR 72902
Dear Mr. Carson:
You have requested approval, pursuant to the Interlocal Cooperation Act (A.C.A. § 25-20-101 et seq.), of a proposed interlocal agreement, captioned "Agreement for the Organization of the Bi-State Metropolitan Planning Organization" (the "Agreement") between, on the one hand, various Arkansas municipalities and counties and, on the other hand, various Oklahoma municipalities and counties.
You have submitted a copy of the Agreement, under the terms of which the parties agree generally to cooperate in the development of "economic activity, transportation and other infrastructure improvements" within the participating communities.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action between or among "public agencies" — a term statutorily defined as including any "[p]ublic subdivision of this state" and any "[p]olitical subdivision of another state." A.C.A. §§ 25-20-103(1)(B) and -103(1)(D). An interlocal agreement must specify the following items:
 (1) The duration of the agreement;
 (2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
 (5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
I am required by law to review the agreement for the purpose of determining whether it is in proper form, as described above, and is otherwise compatible with the laws of the state. A.C.A. §25-20-104(f).
Having analyzed the agreement you have submitted, I find that it is in proper form and otherwise meets the requirement of law. Accordingly, it is hereby approved as submitted.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General